UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY CHRISTIAN, JR.
SABREEN F. SAVAGE,

    Plaintiffs,

v.                                                          Civ. No. 10-062 KBM/ACT

RETIREMENT HOUSING FOUNDATION,
MAYFLOWER GARDENS,

    Defendants.

# ORDER DISMISSING COMPLAINT

THIS MATTER comes before the Court on pro se plaintiffs Henry Christian, Jr.'s and Sabreen F. Savage's Motions to Proceed *in forma pauperis* ("IFP"), filed January 26, 2010, *see* Docs. 3, 4, and on the Court's concomitant obligation "to review the affidavit[s] and screen [their] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Christian and Savage have consented, under 28 U.S.C. 636(c) and FED. R. CIV. P. 73(b), to have me conduct all proceedings in this case. *See* Doc. 5.

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. A party wishing to proceed IFP must demonstrate that he

"cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Christian and Savage share a home and expenses, and they have no dependents. *See* Docs. 3, 4 at pp.1, 3. Their car is paid for. *See id.* at 2. Their combined income is $1895/month, and they show monthly expenses of $799-899 for rent and utilities, $336 for storage fees, and $120/month for credit-card payments. *See* Doc. 3 at 2-3; Doc. 4 at 2-3. I conclude that Christian and Savage have failed to establish that they are unable to pay the filing fees in this case and still pay for the necessities of life, thus permission to proceed IFP must be denied and their case must be dismissed under § 1915(e)(2)(A).

The Court will not grant Christian and Savage an opportunity to pay the filing fees and maintain the suit. "A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

> Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction. There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331. Federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (internal quotation marks

and citations omitted).

The Complaint is entitled: "Tort Negligence," and it does not set forth a section describing the basis of the Court's jurisdiction.  The Plaintiffs cite violation of "42:1396."  Complaint at 1.  The Court notes, however, that 42 U.S.C. § 1396 relates to the "Medicaid and CHIP payment and access Commission," and apparently does not apply to "tort negligence."  Factually, the Plaintiffs state that, on February 26, 2009, they found water and "black toxic mold" in a closet of an apartment unit they had rented since November 2005.  *Id.* at 1-2.  The Defendants relocated them to another apartment that also had black mold, according to a Los Angeles, California inspector.  *See id.* at 2.  The Plaintiffs state that they had noticed their health getting progressively worse and that Christian was hospitalized in April 2009.  *See id.* at 2.  Their physician recommended that they "relocate to a safe, nontoxic environment, which they did."  *Id.*

The Plaintiffs contend that the Defendants failed to replace their leaky roof and placed them in another unit that contained "toxic mold," thereby breaching their "fiduciary responsibility under federal code 28:1332fd."  Complaint at 2.  But the Court notes that there is no subsection "f" under 28 U.S.C. § 1332, and that subsection "d" refers to the meaning of "class" and the procedures in "class actions" and does not mention "fiduciary responsibility."  The Complaint states that the defendants are liable for personal injury and refers to "28.1331 p.i.," Complaint at 2, but 28 U.S.C. § 1331 simply states that federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and there is no federal "personal- injury" statute.  The Complaint references "28:1345 mc" and states that their injuries "necessitat[ed] Medical Care Recovery for Medicare," Complaint at 2, but 28 U.S.C. § 1345 provides original jurisdiction to district courts in actions commenced by the United States or its agencies or officers, thus it is not applicable.

The Complaint alleges that the Defendants violated "Deaf Plaintiff's civil rights" by failing to provide flashing-light smoke alarms and a barrier-free environment for their wheelchairs, citing "2828.1331 cv" and that they violated unnamed sections of the "federal civil code." *Id.* The Plaintiffs request thirty-five billion dollars in damages for pain and suffering, for costs of moving to New Mexico, for destruction of furnishings, for costs of storing their furniture, and for reimbursement to medicare and medicaid and supplemental insurance and to "federal housing subsidy programs" that paid Section 8 housing subsidies to the Defendants. *See id.* at 3. They state they will require a "special needs trust" to take care of their future medical expenses for the rest of their lives. *See id.* And they further state that the recovery will also cover compensatory damages for "civil harassment" that they suffered by employees who are not named as defendants and that they will "set aside money from the proceeds of this lawsuit to assist the thousands of victims of the Retirement Housing Foundations illegal and reprehensible acts committed since 1965 . . . ."[1] *Id* at 3-4.

The Plaintiffs have failed to cite to a federal statute that provides a federal remedy for the Defendants' alleged negligence. The Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). But even if they were given an opportunity to amend their Complaint to cite a federal law and sufficient facts under which they could validly request recovery, it seems clear from the face of their Complaint that this Court does not have personal jurisdiction over the Defendants, which are a California apartment complex and foundation, and

---

[1] The Court instructs the pro se Plaintiffs that they may not bring claims on behalf of any other person or entity. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

that venue is not proper in this District.

A district court may consider personal jurisdiction and venue *sua sponte* "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Under the facts as alleged, the negligent acts of subjecting the Plaintiffs to mold and failing to remedy the problem occurred in California, while they were living there. As a matter of law, neither the Mayflower Gardens apartment complex nor the Retirement Housing Foundation can be said to have "purposefully avail[ed] [themselves] of the privilege of conducting activities within [New Mexico]," and this Court therefore has no authority to hale either Defendant into court here to assert personal jurisdiction over them. *See Trujillo*, 465 F.3d at 1220. Further, since both Defendants reside in California, venue is proper in New Mexico only if it is where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Because all of the events giving rise to the Plaintiffs' claims occurred in California, the District of New Mexico is not the proper venue to bring this action. *See Trujillo*, 465 F.3d at 1220; *Moss v. Chrones*, No. 06-4209, 241 Fed. Appx. 461, 462, 2007 WL 1492335, **1 (10th Cir. May 23, 2007) (affirming *sua sponte* dismissal of pro se civil-rights case for lack of proper venue).

**IT IS ORDERED** that Christian's and Savage's motions to proceed IFP (Docs. 3 & 4) are DENIED and the case is DISMISSED without prejudice under § 1915(e)(2)(A), (B).

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent

5